WEINER v. AMERICAN CREDIT-INDEMNITY CO.
OF NEW YORK.

1. INSURANCE—CREDIT INDEMNITY—BURDEN OF PROOF.
   In an action on a credit indemnity policy, it was incumbent on plaintiff to prove that the sales on which credit was extended were made to the corporation alleged having the required credit rating, rather than to a subsidiary corporation of the same name having no such rating.

2. APPEAL AND ERROR—CURING ERROR.
   Error, if any, in excluding cross-examination of plaintiff, was not prejudicial, where defendant's counsel were later permitted to get before the jury their claim which they sought to lead up to by said cross-examination.

3. INSURANCE—CREDIT INDEMNITY—TRIAL—INSTRUCTIONS.
   In an action on a credit indemnity policy, where it appeared that there were two corporations of the same name, one a subsidiary of the other without the required credit rating, and the issue was as to which corporation the sales were made and credit extended, an instruction that, in order to find for plaintiff, the jury must find that the goods were ordered by

the corporation having the required credit rating and shipped at its request to the other corporation, was proper; there being evidence to support such finding.

4. SAME—ISSUES PROPERLY PRESENTED.

Defendant's claim that the jury were confused as to its liability, and that it was not made clear that unless the credit was extended to the corporation having the required credit rating rather than to a subsidiary corporation of same name without such rating, defendant would not be liable, is without merit; the record showing that said issue was squarely presented to the jury.

5. SAME—TRIAL—REQUESTS TO CHARGE.

Defendant's request to charge that in order for plaintiff to recover he must show not only that he sold to the corporation alleged, but that he also shipped and delivered the goods to it, was properly refused, since the party ordering goods may direct shipment to another and delivery so made is, in legal effect, delivery to the party ordering the goods.

6. SAME—WEIGHT OF EVIDENCE.

A verdict in plaintiff's favor, held, not against the weight of the evidence.

Error to Calhoun; Hatch (Blaine W.), J. Submitted November 15, 1928. (Docket No. 160, Calendar No. 33,830.) Decided January 7, 1929.

Assumpsit by Norman H. Weiner, doing business as the Albion Iron & Metal Company, against the American Credit-Indemnity Company of New York on a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Beck, Hooper & Lockton,* for appellant.

*James Mackey* and *Burritt Hamilton,* for appellee.

SHARPE, J. This action is brought to recover on a policy issued by the defendant on July 13, 1925, guaranteeing plaintiff against loss to an amount not

exceeding $25,000 due to insolvency of his debtors during one year thereafter, resulting from *bona fide* sales of scrap iron and metals delivered to firms in the United States or Canada having in the latest published book of the Bradstreet Mercantile Agency a commercial rating and its accompanying credit rating as tabulated in the policy.

There were two corporations named Railway Materials Company, one an Illinois corporation, with plants at Stevens Point, Wisconsin, and Phœnixville, Pennsylvania, and the other an Ohio corporation, with a plant at Toledo. William M. Simpson was president of both companies. The stock of the Ohio corporation was all owned by the Illinois corporation. Both corporations became insolvent. The Illinois one alone had the rating required by the terms of the policy.

Plaintiff's action is predicated upon sales claimed to have been made to the Illinois corporation. The amount is not in dispute. Plaintiff had verdict and judgment. Defendant seeks review by writ of error.

We will consider the assignments in the order discussed by counsel.

1. *Admission of Proof.* It was incumbent on plaintiff to prove that the sales were made by him to the Illinois corporation. While the policy was not issued until July 13, 1925, plaintiff stated on cross-examination that the Railway Materials Company at that time owed him about $15,000. He was then asked: "And you wanted to have the company indemnify you for that backward, didn't you?" On objection by plaintiff's counsel for the reason that plaintiff made no claim for loss antecedent to the date of the policy, defendant's attorney insisted on the answer "as leading up to his knowledge as to the party with whom he was dealing later on in the

transaction.'' During the discussion which followed, the court said:

"It is possible evidence is admissible to show that he knew of the other company, but not what his losses were."

While other rulings were made which counsel say prevented them from pursuing this line of inquiry, when the entire cross-examination is read we think they were permitted to and did get before the jury their claim that plaintiff had extended credit to the Ohio corporation before the policy was issued, and that the sales thereafter were made to the same company. They were permitted to show that after the financial failure of both corporations plaintiff signed a bill of complaint for filing in the district court of the United States for the northern district of Ohio, western division, in which he alleged that the Ohio corporation was indebted to him in the sum of $23,009.23, and prayed for the appointment of a receiver for said company. This bill of complaint was not verified by him or filed. He explained the manner in which it was prepared by attorneys for the defendant and his lack of knowledge of its legal effect. While defendant's counsel preferred a number of requests to charge, there was none which presented the effect of such action on the part of the plaintiff. The jury were instructed several times in the charge that in order to find for the plaintiff they must find that the goods were ordered by the Illinois corporation and shipped at its request to Toledo. That there was evidence to support this finding clearly appears. After plaintiff's Exhibit 2, which was a list of the invoices sent to "The Railway Materials Company, Chicago, Illinois," on shipments made by plaintiff "direct to Toledo

plant," had been received in evidence, President Simpson was asked: "You purchased all materials referred to in plaintiff's Exhibit 2 as president of the Illinois corporation?" and answered: "Yes, written on Illinois letterheads." Plaintiff's statement of account was made and sent to "The Railway Materials Company, Wrigley Bldg., Chicago, Illinois." It also appears that promissory notes, dated at "Chicago, Illinois," and signed by "The Railway Materials Co., M. L. Garrity, treasurer," were sent to plaintiff from time to time to apply on such account. While more latitude could well have been allowed in connection with plaintiff's dealings before the policy was issued, we cannot say that error affecting the verdict resulted from the rulings of the court in relation thereto.

2. *Confusion of Corporate Entities.* It is urged that the jury were confused as to the liability of the defendant for loss sustained by the plaintiff; that it was not made clear to them that unless the credit was extended to the Illinois corporation no liability attached. Counsel are, we think, over-technical in discussing this assignment. Early in the trial, and during the direct-examination of the plaintiff, his counsel said:

"To simplify this I can say this that all my questions and all my claim is with reference that we were dealing with the Illinois corporation and not with the Ohio corporation. That is our claim."

In his instructions to the jury, the court said:

"If you find as a fact from the evidence in this case that the plaintiff sold, shipped and delivered said scrap iron and metals to the Railway Materials Company of Toledo, Ohio, then your verdict should be for the defendant, of no cause for action."

The issue was thus squarely presented to the jury, and there can be no uncertainty as to their finding.

3. *Error in the Charge.* One of defendant's requests reads:

"And I charge you that for the plaintiff to recover in this case he must not only show by a preponderance of the evidence that he sold to the Illinois corporation and not to the Ohio corporation, but that he also shipped to the Illinois corporation and not to the Ohio corporation, and that he also made delivery to the Illinois corporation and not to the Ohio corporation. He must show that he did all three things, sold, shipped, and delivered to the Illinois corporation and not to the Ohio corporation and show each item by a preponderance of the evidence."

We do not understand this to be the law. The court clearly stated in the instruction heretofore quoted that, if the sales were made to the Ohio corporation and the goods shipped and delivered to it, plaintiff could not recover. If the orders were received from and the sales made to the Illinois corporation, its liability would in no way be affected by the direction given to ship to the Toledo plant. It is not unusual in business for orders to direct delivery to be made to a party other than the one giving the order, and a delivery so made is in legal effect a delivery to the party ordering the shipment.

4. *Verdict Against the Weight of the Evidence.* The record is quite convincing that the plaintiff did not know when the shipments were made by him that there were two Railway Materials corporations. The Ohio corporation maintained no office at Toledo, where its plant was located. Its business was handled from the Chicago office of the Illinois corporation. As before stated, the same persons acted

as officers of both corporations. The test here to be applied is: Had the Ohio company alone failed, could recovery have been had by the plaintiff against the Illinois corporation? The orders filled after the policy was issued were all sent to plaintiff on the letterheads of the Chicago company and signed by its president. We are unable to see what defense it could have made to an action brought by plaintiff to recover thereon.

It appears that the first information defendant received that there were two corporations was about November 3, 1925. What the plaintiff did thereafter was at the request, if not under the direction, of the officials and attorneys of the defendant company.

We cannot say, after a consideration of the entire record, that the verdict is against the great weight of the evidence.

The judgment is affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.